# EXHIBIT A

Marwan A. Harara
3220 Contreras Place
Hayward, California 94542
Phone: (510)888-9511

In Pro Per

Superior Court of California
County of Alameda

2006 DEC -6 PM 2:13

Allen E. Broussard
Justice Center
Executive Office

SUMMONS ISSUED

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF ALAMEDA

MARWAN A. HARARA,

    Plaintiff,

v.

LANDAMERICA FINANCIAL GROUP, INC., LANDAMERICA CORPORATION, LANDAMERICA NATIONAL COMMERCIAL SERVICES, LANDAMERICA LAWYERS TITLE COMPANY, [and DOES 1 through 100, INCLUSIVE]

    Defendants.

Case No. AG06301116

COMPLAINT FOR DAMAGES

UNLIMITED CIVIL JURISDICTION

## PRELIMINARY ALLEGATIONS

1.  At all times herein mentioned, Plaintiff MARWAN A. HARARA ("Harara") is an individual residing at 3220 Contreras Place, Hayward, California 94542.

2.  Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants LANDAMERICA FINANCIAL GROUP, INC., LANDAMERICA CORPORATION, LANDAMERICA NATIONAL COMMERCIAL SERVICES, LANDAMERICA LAWYERS TITLE COMPANY ("LandAmerica") were formed, and now are, as a parent Virginia corporation having operating divisions and subsidiaries in California and having its California principal place of business at One Market Street, Spear Tower Suite 1850, San Francisco California 94105 and doing business within the County of Alameda at 1320 Harbor Bay Parkway, Suite 260, California 94502, and within this judicial district.

3.  Plaintiff is not aware of the true names or capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 100, Inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff shall amend this Complaint to allege the true names and capacities of the fictitiously named Defendants when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is in some manner intentionally or negligently responsible for the things herein alleged and the damages it suffered.

4.  Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants, fictitious and real, are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

5.  Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, each of the fictitiously named Defendants was the agent, servant, employee, co-

COMPLAINT FOR DAMAGES                              2                              Case No:

venture, and/or alter ego of each of the remaining fictitiously named Defendants and was acting within the course, scope, purpose, consent, knowledge, and authorization of such agency, employment, and/or joint venture and each fictitiously named Defendant has ratified and approved the acts of his, her, and/or its agents.

6. The real property that is the subject matter of this action is commonly described as a 76-branded motor fuel gas station located at 4280 Foothill Blvd., Oakland, California 94601("Station").

7. On or about June 6, 2003, Harara, as the buyer, entered into a written contract with the owner of the Station, Tosco Operating Company, Inc., as the seller ("Seller") for the sale of the real estate property and attached improvements of the Station ("Sale Contract") in which Harara agreed to purchase and Seller agreed to sell the real estate property and attached improvements of Station for the total consideration of One Million One Hundred Twenty Thousand Dollars ($1,120,000.00).

8. On or about June 16, 2003, an escrow was opened for the conveyance of the Station pursuant to the terms of the Sale Contract designating LandAmerica as the Escrow agent and the Sale Contract, along with an escrow deposit paid by Harara in the amount of Five Thousand Dollars ($5,000.00), was delivered to LandAmerica.

### FIRST CAUSE OF ACTION

(NEGLIGENCE)

9. Harara re-alleges and incorporates into this cause of action each and every allegation contained in this Complaint as if the same were set out at length herein.

10. In performing services as the escrow holder, LandAmerica acted negligently in that it (1) canceled the escrow despite repeated instruction to the contrary from Harara as the buyer; (2)

opened a new escrow, shortly after canceling Harara's escrow, to the same property, the Station, for the Seller involving a new buyer other than Harara; (3) held Harara's escrow deposit and refused to release it after canceling Harara's escrow and starting a new escrow for the sale of the same property, the Station, to another buyer; (4) failed in performing its services to act as an agent for all parties; (5) failed to perform the express escrow instruction relating to the sale of the Station and failed to provide the services required under the escrow instructions; (6) failed to investigate the facts and ascertain Harara's instruction as the buyer before canceling Harara's escrow and starting a new escrow to the same property, the Station, for the Seller; (7) accepted Seller's sole instruction in furtherance of its self-dealing activities and to advance and protect obtaining Seller's other business in the form of LandAmerica's designation by the Seller as an escrow agent, title insurance provider, and other commercial services provider involving Seller's numerous property transactions taking place in California and around the US; and (8) failed to perform in good-faith and fair dealing, failed to perform in accordance with its duty of loyalty, and breached its fiduciary duty to Harara by canceling the escrow in immediate response to Seller's request and before obtaining any instruction or feedback from Harara.

11. Harara relied on LandAmerica's services as an escrow holder to perform in accordance with the escrow instruction, to act as an agent for all parties by ascertaining the facts from Harara before accepting to cancel the escrow for the sale of the Station to Harara, not to act in detriment to Harara's interest in self-dealing and in order o advance and protect its own other numerous dealings and transactions with Seller, and to act in furtherance of its fiduciary duty, duty of loyalty, and duty of good-faith and fair dealing as an escrow holder.

COMPLAINT FOR DAMAGES                                    Case No:

12. As a direct and proximate result of the negligence and carelessness of LandAmerica as the escrow holder as set forth above, Harara was damaged in that he: (1) was not able to close escrow and purchase the property of the Station; (2) lost the benefit of the bargain that was negotiated with the Seller; (3) lost his escrow deposit; and (4) sustained losses for his inability to hold the property in trust with LandAmerica as the escrow holder until the full performance by all parties of all escrow instructions and terms of the Sale Contract.

### SECOND CAUSE OF ACTION

(BREACH OF CONTRACT)

13. Harara re-alleges and incorporates into this cause of action each and every allegation contained in this Complaint as if the same were set out at length herein.

14. The aforementioned written escrow instructions described in this complaint constituted a written contract between the buyer Harara and the escrow holder LandAmerica.

15. Harara performed his obligations under the terms of the escrow instructions in the manner specified in those instructions and their subsequent amendments, except for those acts that have been prevented, delayed, or excused by the Seller's or LandAmerica's acts or omissions.

16. LandAmerica as the escrow holder failed and refused to perform its obligations under the terms of the escrow instructions and violated the terms of the escrow instructions in that it (1) canceled the escrow despite repeated instruction to the contrary from Harara as the buyer; (2) opened a new escrow, shortly after canceling Harara's escrow, to the same property, the Station, for the Seller involving a new buyer other than Harara; (3) held Harara's escrow deposit and refused to release it after canceling Harara's escrow and starting a new escrow for the sale of the same property, the Station, to another buyer; (4) failed in performing its services

to act as an agent for all parties; (5) failed to perform the express escrow instruction relating to the sale of the Station and failed to provide the services required under the escrow instructions; (6) failed to investigate the facts and ascertain Harara's instruction as the buyer before canceling Harara's escrow and starting a new escrow to the same property, the Station, for the Seller; and (7) accepted Seller's sole instruction in furtherance of its self-dealing activities and to advance and protect obtaining Seller's other business in the form of Seller's designating LandAmerica as an escrow agent, title insurance provider, and other commercial services provider involving Seller's numerous property transactions taking place in California and around the US.

17. As a direct and proximate result of LandAmerica's failure and refusal to perform its obligations under the escrow instructions and its violation of those instructions Harara was damaged in that he (1) was not able to close escrow and purchase the property of the Station; (2) lost the benefit of the bargain that was negotiated with the Seller; (3) lost his escrow deposit; and (4) sustained losses for his inability to hold the property in trust with LandAmerica as the escrow holder until the full performance by all parties of all escrow instructions and terms of the Sale Contract.

### THIRD CAUSE OF ACTION

(BREACH OF CONTRACTUAL COVENANT

OF GOOD FAITH AND FAIR DEALING)

18. Harara re-alleges and incorporates into this cause of action each and every allegation contained in this Complaint as if the same were set out at length herein.

19. By acting in the manner described above, LandAmerica breached its contractual covenant of good faith and fair dealing in accordance with the reasonable commercial standards of fair

dealings in the trade, and in accordance with the covenants and promises under the escrow instructions.

20. Harara has duly performed all conditions, covenants, and promises required to be performed under the escrow instructions and subsequent amendments, except for those acts that have been prevented, delayed, or excused by the Seller's or LandAmerica's acts or omissions.

21. By engaging in the conduct set forth herein, LandAmerica has breached its contractual covenant of good faith and fair dealing.

22. As a direct and proximate result of this breach of LandAmerica's contractual covenant of good faith and fair dealing as herein alleged, Harara was damaged in that he (1) was not able to close escrow and purchase the property of the Station; (2) lost the benefit of the bargain that was negotiated with the Seller; (3) lost his escrow deposit; and (4) sustained losses for his inability to hold the property in trust with LandAmerica as the escrow holder until the full performance by all parties of all escrow instructions and terms of the Sale Contract.

## FOURTH CAUSE OF ACTION

(UNJUST ENRICHMENT)

23. Harara re-alleges and incorporates into this cause of action each and every allegation contained in this Complaint as if the same were set out at length herein.

24. The aforementioned written escrow instructions described in this complaint constituted a written contract between Harara the buyer and LandAmerica as the escrow holder.

25. Harara performed its obligations under the terms of the escrow instructions in the manner specified in those instructions and their subsequent amendments, except for those acts that have been prevented, delayed, or excused by the Seller's or LandAmerica's acts or omissions.

26. LandAmerica as the escrow holder failed and refused to perform its obligations under the terms of the escrow instructions and violated the terms of the escrow instructions in the manner described above in this Complaint.

27. As a direct and proximate result of LandAmerica's failure and refusal to perform its obligations under the escrow instructions and its violation of those instructions, LandAmerica was unjustly enriched by opening escrow for the same property and attached fixed improvements of the Station for the Seller and a new buyer other than Harara and was unjustly enriched by its other numerous self-dealing acts as described herein.

## FIFTH CAUSE OF ACTION

### (BREACH OF FIDUCIARY DUTY)

28. Harara re-alleges and incorporates into this cause of action each and every allegation contained in this Complaint as if the same were set out at length herein.

29. As an escrow holder, LandAmerica owed Harara a fiduciary duty that consisted of (1) a duty of loyalty, (2) a duty to make full disclosure, and (3) a duty to exercise a high degree of care to act as an agent for all parties in performing its services.

30. LandAmerica breached its fiduciary duty owed to Harara by acting in the manner described in this Complaint.

31. As a direct and proximate result of LandAmerica's breach of its fiduciary duty owed to Harara, Harara was damaged in the manner described in this Complaint.

## SIXTH CAUSE OF ACTION

### (CONSPIRACY)

32. Harara re-alleges and incorporates into this cause of action each and every allegation contained in this Complaint as if the same were set out at length herein.

33. LandAmerica as an escrow holder did the acts and things herein alleged pursuant to, and furtherance of, the conspiracy and above-alleged agreement.

34. LandAmerica as an escrow holder furthered the conspiracy by cooperation with or lent aid and encouragement to or ratified and adopted the acts of Seller in breaching the Sale Contract and the Seller's contractual obligations thereunder.

35. By acting in the manner described herein relating to the Station, LandAmerica and Seller cooperated, aided, encouraged, ratified, and adopted the acts of each others to deprive Harara of his contractual rights and remedies under the Sale Contract and the benefit of the bargain of the sale of the Station.

36. As a direct and proximate result of LandAmerica's and Seller's conspiracy to breach the escrow instructions and the Sale Contract, breach their implied covenants of good-faith and fair dealing, and perform other fraudulent conduct as herein alleged, Harara has been injured and damaged in an amount to be proven at trial, including, but not limited to, loss of his investment, loss of goodwill, loss of business, loss of improvements to the Station, loss of merchandise, loss of equipment, loss of benefits of the proceeds from the sale of Harara's business and the Station, and all and any consequential damages resulting from LandAmerica's unlawful actions.

## SEVENTH CAUSE OF ACTION

(UNFAIR BUSINESS PRACTICES IN VIOLATION

OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.)

37. Harara re-alleges and incorporates into this cause of action each and every allegation contained in this Complaint as if the same were set out at length herein.

COMPLAINT FOR DAMAGES                9                Case No:

38. Harara is informed and believes, and based thereon alleges, that each of LandAmerica's failure to perform and breaches as stated herein under each cause of action also constitute a violation of California Business and Professions Code § 17200, et seq.

39. Harara is entitled to and requests restitution, in an amount according to proof at the time of trial, incurred as a result of each of LandAmerica's violations of California Business and Professions Code § 17200, et seq.

WHEREFORE, Harara prays for judgment as follows:

With respect to all Causes of Action

1. General damages in an amount to be proven at trial;

2. Special damages in an amount to be proven at trial;

3. Compensatory damages in an amount to be proven at trial;

4. Punitive damages in an amount to be proven at trial;

5. Interest allowed by law;

6. Costs incurred herein; and

7. Any other and further relief the Court deems just and proper.

DATED: December 6, 2006

By: _____

Marwan A. Harara

Plaintiff