```
ARLO H. SMITH #96971
66 San Fernando Way
San Francisco, CA 94127
(415) 681-9572
```

Attorney for Plaintiff Marwan Harara

UNITED STATES DISTRICT COURT,  NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marwan A. Harara, | No. C 07-03999 WHA |
| Plaintiff, | **OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| LandAmerica Financial Group, Inc. et al | Hearing:  October 11, 2007<br>8:00 AM<br>Courtroom 9 |
| Defendant(s).<br>_____/ | |

## I.  DEFENDANT'S MOTION DOES NOT EVEN TOUCH PLAINTIFF'S PLEADED CLAIM FOR RETURN OF DEPOSIT

In the Complaint herein, plaintiff basically is suing defendants (who were escrow holders for a real estate transaction which ultimately failed)  for two things

(1) Damages for deviating from written instructions of the parties by canceling an escrow without a joint instruction or plaintiff's consent

(2) Return of $5,000 plaintiff had put in escrow – which was never returned even when after the escrow was cancelled.  Paragraphs 8, 10, 16, and 22, among others specifically reference this $5,000 deposit and defendants' failure and refusal to return same after cancellation.

Under California Law, both of these claims are actionable:

(1)    It is well-settled that "An escrow holder must comply strictly with the instructions of the parties to the escrow transaction, and must act without partiality to any of the parties." 30 California Jurisprudence 3d, "Escrows," Section 17, pp. 643-644,

citing *Amen vs. Merced County Title Co*. (1962) 58 Cal.2d 528; *Summit Holdings, Ltd. vs. Continental Lawyers Title Co*. (2002) 27 Cal.4th 1060.  "If the escrow holder fails to carry out an instruction it has contracted to perform, the injured party has a cause of action for breach of contract." *Id.,* Section 34, p. 663, citing the same authorities.

  (2) "The Civil Code [California Civil Code 3380] provides that any party having possession or control of a particular article of personal property of which he or she is not the owner, may be compelled to deliver it to the person entitled to immediate possession.  This provision may be the basis for an action against an escrow holder who wrongfully refuses to return the subject of the escrow to the party who deposited it after failure of the conditions of the escrow . . . ." *Id.,* Section 41, citing *Harrison vs. Woodward* (1909) 11 Cal.App.15 as authority for this point.

  Here, the defendants have filed a motion that tries to utilize the doctrine of collateral estoppel as a defense to claims for damages for breach of the escrow agreement.

  However, no argument is offered as to defendants' CLEAR obligation to return to plaintiff his $5,000 – even if it could be argued that the other claims are barred.

  Landamerica as an escrow holder certainly has no right to keep said money – even if Landamerica were conceded to have the right to have cancelled the escrow.  Simply stated, the money is NOT Landamerica's to keep!

  **II. DEFENDANTS HAVE NOT SHOWN COLLATERAL ESTOPPEL IS DEFNESE TO ANY CLAIM AS A MATTER OF LAW**

2

**A.   The First Case**

This case ("Present Case") against Defendant LandAmerica ("Defendant") is not related to Plaintiff Harara's ("Plaintiff) case filed and settled out of court in July 2005, Case No. C04-0515 ("First Case") against ConocoPhillips Company and Richard Dean Masterton (both will be referred to as "Oil Company"). Please see a summary of the court's records of the First Case. Attached as Exhibit A.

The First Case was based on unlawful acts or violations that were alleged to have taken place over many years of dealings between Plaintiff and Oil Company. It did not, as Defendant allege in their motion to dismiss, involve the facts and allegations alleged in the Present Case against Defendant. Under the First Case, Plaintiff sued the Oil Company for breach of violations of the Petroleum Marketing Practices Act ("PMPA"), violations of other federal and state laws based on the Oil Company's acts over three years, breach of oral contracts between the Oil Company and Plaintiff which Defendant was not privy to or involved in, breach of the franchise and lease agreements between the Oil Company and Plaintiff.  The causes of actions of the First case included:

1). Violations of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq.;
2). Violations of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq.;
3). Constructive Termination by Failing to Deliver Motor Fuel and Failing to Comply with Credit Terms of Payment and Credit Card Sales Terms under the Agreement in Violation of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq.;
4). Retaliatory Eviction in Violation of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq.;
5). Actual Termination in Violation of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq.;

Case 3:07-cv-03999-WHA    Document 29    Filed 09/20/2007    Page 4 of 10
Case 3:07-cv-03999-WHA    Document 29    Filed 09/20/2007    Page 4 of 10
Case 3:07-cv-03999-WHA    Document 29    Filed 09/20/2007    Page 4 of 10

6). Actual and Statutory Damages and Equitable and Declaratory Relief for Violations of the Equal Credit Opportunity Act of The Consumer Credit Protection Act, 15 U.S.C. § 1691, Et Seq., And 12 Cfr § 202 Et Seq.;

7). Actual and Statutory Damages and Equitable and Declaratory Relief for Violations of the Equal Credit Opportunity Act of The Consumer Credit Protection Act, 15 U.S.C. § 1691, et seq.;

8). Actual and Statutory Damages for Violations of the Holden Credit Denial Disclosure Act of 1976 – California Civil Code § 1787.2;

9). Actual and Statutory Damages for Violations of California Business and Professions Code §21140, et seq.;

10). Actual and Statutory Damages for Violations of California Business and Professions Code §21140, et seq.;

11). Damages for Breach of Contract;

12). Damages for Breach of Contract;

13). Damages for Breach of Contract;

14). Damages for Breach of Contract;

15). Fraud and Deceit – Intentional Misrepresentation of Facts;

16). Fraud and Deceit – Negligent Misrepresentation of Facts, California Civil Code § 1710(2);

17). Breach of Contractual Covenant of Good Faith and Fair Dealing;

18). Damages for Intentional Interference with Prospective Economic Advantage;

19). Damages for Negligent Interference with Prospective Economic Advantage;

20). Conspiracy;

21). Actual and Statutory Damages, Restitution, and Equitable and Declaratory Relief for Unfair Business Practices in Violation of California Business and Professions Code § 17200, et seq.

22). Specific Performance

23). Declaratory Relief

(See Eldredge Decl., Exh. D)

### B    CONTRAST OF PRESENT AND PRIOR CASES

In the First Action, Plaintiff sued the Oil Company for violations of federal and state laws and for breach of contracts. One of such contracts involved the opening of escrow for the sale of a gas station ("Property"). Even though Plaintiffs' allegations under the Present Case involve the same escrow of the Property, there is no relatedness between the Oil Company's breaching acts

4

complained of in the First case and those of Defendant in this case. In the First Case, the District Court found that the Oil Company's actions, i.e., refusal to consent to assignment of a contract and cancellation of escrow, were not in breach of those contracts between Plaintiff and Oil Company. Irrespective of the non-finality status of the District Court's findings there based on the fact that there was no final judgment, no appeal taken, and court-brokered settlement of the whole case leading to case dismissal, none of the District Court's findings has any relevance to the Present Case.

     The actions complained of in the First Case involved acts that are different from the acts complained of here in this Present Case. Furthermore, the acts complained of in the First Case were based on contracts that are different than contracts giving rise to the acts complained of in this Present Action.

"'The doctrine of collateral estoppel precludes relitigation of an issue previously adjudicated if: (1) the issue necessarily decided in the previous suit is identical to the issue sought to be relitigated; (2) there was a final judgment on the merits of the previous suit; and (3) the party against whom the plea is asserted was a party, or in privity with a party, to the previous suit.' (Producers Dairy Delivery Co. v. Sentry Ins. Co. (1986) 41 Cal. 3d 903, 910 [226 Cal. Rptr. 558, 718 P.2d 920])." Campbell v. Scripps Bank, 78 Cal. App. 4th 1328, 1334 (Cal. Ct. App. 2000).

     Here, the issues raised in the Present Case are different than those raised in the First Case. In fact, none of the issues decided in the First Case can be found identical to any of the issues raised in the Present Case. Therefore, the first prong of issue preclusion test by collateral estoppel is inapplicable to the facts of this case. The Second prong of the test is equally missing. There is a court-brokered settlement and not a final judgment on the merits of the First

5

Case.

Simply put, this Present Case is different that the First Case. The only commonality between the two cases is Plaintiff, Defendant's counsel, who was the same for the Oil Company, and the Property.

**C.    Applicable Law**

Defendant cites repeatedly and relies heavily on *Campbell v. Scripps Bank,* 78 Cal. App. 4th 1328, 1334 (Cal. Ct. App. 2000) to make the point that an escrow company has the right to use issue preclusion based on prior final judgment not involving the same company. Beyond proving its right to raise issues preclusion argument, the Campbell case does not state any of the law that Defendant tries to impute and, aside from its clear enunciation of the collateral estoppel doctrine, has no relevance to the facts of this case.

In *Campbell,* plaintiffs' action alleged that defendant failed to enforce an escrow agreement for which defendant acted as an escrow agent. A judgment in related litigation conclusively resolved the same identical issue of defendant's alleged breach of contract, therefore, collaterally estopping plaintiff from raising the same issue again. In that case, plaintiff sued and lost on the breach of contract issue, appealed the lower court's judgment and lost, and finally sued a different party asserting the identical allegation of breach. The court found that

> "the issues in this matter were actually litigated in the prior action. In the [prior] case, the trial court found the parties intended the Sachs deed of trust to have priority over the Campbell deed of trust. On appeal, a panel of this court held that substantial evidence supported the trial court's finding the parties intended the Sachs deed of trust to have priority over the Campbell deed of trust regardless whether the Sachs loan complied with the terms of the subordination agreement. Our decision conclusively resolved that issue. (*Campbell v. Sachs, supra,* D018994.) Consequently,

6

Campbell's cause of action for breach of contract here seeking relief for Scripps Bank's closing of escrow without obtaining compliance with the terms of the subordination agreement lacks the potential of damages to Campbell. Because the subordination agreement had no legal effect on the relative priority of the two trust deeds (as it was not intended to apply to the Sachs loan), Campbell could not have been damaged by Scripps Bank's alleged failure 'to obtain compliance with the terms of the subordination agreement.' Accordingly, the final judgment in the Sachs case resolving that Campbell intended the Sachs trust deed to be senior to theirs regardless whether it complied completely with the subordination agreement terms conclusively resolves the issue of whether Scripps Bank is liable to Campbell for any alleged breach of contract regarding the relative priority of the two trust deeds." *Campbell v. Scripps Bank,* 78 Cal. App. 4th 1328, 1334 (Cal. Ct. App. 2000).

The Campbell case clearly shows the scope of issue identicality required to apply issue preclusion. In that case, the same assertion of contractual breach based on the same act was asserted against multiple parties. On the basis of such identicaility, the court found issue preclusion. Furthermore, there, a first final judgment that was affirmed in appeal was the basis for finding of issue preclusion; in this case, there is a settlement leading to dismissal and not an appealable judgment.

As to those causes of action relating to the escrow of the Property in the First Case, Plaintiff had a contractual dispute with the Oil Company as to whether (1)there was an oral promise to reduce the original sale offer to Plaintiff, (2) the Oil Company withdrew such promise of reduction that had been offered to Plaintiff after finding a new purchaser other than Plaintiff, and (3) whether Plaintiff had been entitled to credits and reimbursements against the proposed purchase price of the offer for sale.

The finding of the District Court that there was no breach of contract to reduce the price and there was no breach of contract for refusal to credit the

improvements costs, is irrelevant as to whether Defendant ion this Present Case breached its own contract with Plaintiff.

According to the Complaint of the Present Case, Plaintiff alleges that Defendant (1) canceled the escrow despite repeated instruction to the contrary from Plaintiff as the buyer; (2) opened a new escrow, very shortly after canceling Plaintiff's escrow, for the sale of the same Property by the Oil Company to a third party; (3) held Plaintiff's escrow deposit and refused to release it after canceling Plaintiff's escrow and starting a new escrow for the sale of the Property; (4) failed to act an agent for all parties by not accepting Plaintiff's instruction relating to the escrow; (5) failed to perform the express escrow instruction relating to the sale of the Property and failed to provide the services required under the escrow instructions; (6) failed to investigate the facts and ascertan Plaintiff's instruction as the buyer before canceling Plaintiff's escrow and starting a new escrow to the same Property for the Oil Company; and (7) accepted the Oil Company's sole instruction in furtherance of its self-dealing activities and to advance and protect obtaining the Oil Company's other business as an escrow agent and title insurance provider, and obtaining other commercial services involving the Oil Company's numerous property transactions taking place in California and around the US.

Based on the above, there is nothing identical about the issues settled or decided in the First Case on and those that are alleged in the Present Case. Therefore, issue preclusion cannot be applied.

**D.    Res Judicata is Inapplicable to the Facts of This Case**

"The prerequisite elements of res judicata in its claim preclusion form are: (1) the claim in the present action must be identical to a claim litigated or that could have been litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privy with a party to the prior proceeding."

*Bernhard v. Bank of America, supra*, 19 Cal.2d at p. 813. Also, *Thibodeau v. Crum (*1992) 4 Cal.App.4th 749, 755).

### i. No Identicality of Claims

As shown above, the claims alleged in this action are different and not identical to those being relied on by Defendant in the First Case. Therefore, res judicata cannot be applied to this case.

### ii. No Final Judgment Resulted from the Prior Proceeding

The case history of the First Case is clear. The summary judgment motion was not the final proceeding in the case; the parties had to try the remaining undecided issues. Thereafter, a settlement was reached between Plaintiff and Oil Company only. Plaintiff compromised certain rights, including his right of appeal and final order, by settling the case. A settlement of rights with one party cannot be construed as res judicata against other parties, which did not appear in the prior case or were parties to the compromise. Even in arbitrated case, "for California purposes, the rule [is] that a private arbitration award cannot have nonmutual collateral estoppel effect unless the arbitral parties so agree."

*Vandenberg v. Superior Court*, 21 Cal. 4th 815, 837 (Cal. 1999).

"'A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.' *Federated Dept Stores, Inc v Moitie*, 452 U.S. 394, 398, 69 L. Ed. 2d 103, 101 S. Ct. 2424 (1981)." *Byrd v. Farnsworth*, 1996 U.S. Dist. LEXIS 18707 (D. Cal. 1996).

Doctrine of res judicata is applicable only to issues that have been determined by final order or judgment, and it is not effective where there has been no final judgment on all issues between parties. *Grable v. Citizens Nat. Trust & Sav. Bank (1958) 164 Cal App 2d 710, 331 P 2d 103, 1958 Cal App LEXIS 1667; Grable v. Grable (1960) 180 Cal App 2d 353, 4 Cal Rptr 353, 1960 Cal App LEXIS 2348.* A final order is an order from an appeal lies. Here, the parties settled their dispute; there was no final order as to all issues and no order from which an appeal could lie.

### iii. Claims Not Raised or Decided in the First Case

This Present Case involves certain claims that were not raised and could not have been raised in the First Case. These are claims that are based on Defendant's own acts that could not have been asserted in the First Case. Plaintiff's claims of negligence, breach of fiduciary duty, and conspiracy could not have been raised or decided in the First Case against the Oil Company as they are specific to the acts of Defendant. These claims and their underlying acts are specific to Defendant and cannot be disposed of regardless of the outcome of the First Case.

### CONCLUSION

For all of the foregoing reasons, the instant motion to dismiss must be denied

Dated: 9/20/07                Signature_____/S/_____
                              ARLO HALE SMITH
                              Counsel for Plaintiff Marwan Harara