```
GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
JONATHAN A. ELDREDGE, Bar No. 238559
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975

Attorneys for Defendants
LandAmerica Financial Group, Inc., LandAmerica
National Commercial Services,
LandAmerica Lawyers Title Company, and
LandAmerica Commercial Search Services Company
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARWAN A. HARARA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LANDAMERICA FINANCIAL GROUP, INC., LANDAMERICA CORPORATION, LANDAMERICA NATIONAL COMMERCIAL SERVICES, LANDAMERICA LAWYERS TITLE COMPANY, AND LANDAMERICA COMMERCIAL SEARCH SERVICES COMPANY and DOES 2 through 100, Inclusive,<br><br>　　　　　Defendants. | Case No. CO7-03999-WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:　　　October 11, 2007<br>Time:　　　8:00 a.m.<br>Courtroom: 9, 19th Floor<br>Judge:　　Hon. William H. Alsup |

Defendants LandAmerica Financial Group, Inc. and dba LandAmerica National Commercial Services, Lawyers Title Insurance Corporation, erroneously sued as LandAmerica Lawyers Title Company, and LandAmerica Commercial Search Services Company ("Defendants" or "LandAmerica") submit this opposition to Plaintiff's motion to remand this action to the Superior Court. Below we show that the motion to remand is baseless.

///

///

- 1 -

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

## I. PROCEDURAL HISTORY

This action was filed in the Alameda Superior Court on December 6, 2006. Service was not effectuated on any defendant until May 30, 2007. On August 7, 2007, Defendants removed the case to this court. The removal petition set forth the controlling law demonstrating that removal was proper and timely. Nevertheless, on August 30, 2007, the instant motion to remand was filed. Because the motion to remand was skeletal and failed to discuss the controlling authority set forth in the removal petition, Defendants' counsel wrote to Plaintiff's counsel on August 31, 2007 asking that he withdraw the motion to remand. Plaintiff's counsel did not respond, thus signifying his unwillingness to even consider the point.

Set for hearing on the same date as this motion is Defendants' Motion to Dismiss on collateral estoppel grounds.

## II.  SUMMARY OF FACTS

In February 2004, Plaintiff sued ConocoPhillips Company ("COP") contending that COP had wrongfully prevented him from purchasing a gasoline service station of which he was the operator. On April 29, 2005, all of Plaintiff's claims were summarily adjudicated against him and judgment was entered accordingly. Despite that clear judicial determination that he did not have the right to purchase the service station, Plaintiff nevertheless brought the current suit contending that in its role as escrow agent, LandAmerica had wrongfully prevented Plaintiff's purchase. Although Plaintiff filed this complaint on December 6, 2006, he did not serve any of the LandAmerica defendants until May 30, 2007.[1]

As discussed in LandAmerica' removal petition, the "four corners" of Plaintiff's complaint did not disclose a basis for removal. (See LandAmerica's Notice of Removal of Action, at pp. 2:16-3:2.) The complaint did not allege the states of incorporation and principal places of business for each of the defendants. Indeed, defendant LandAmerica Commercial

---

[1] As discussed more fully in Defendants' Motion to Dismiss, Plaintiff contends that it was wrongful for Defendants to cancel the escrow after COP told them that the sale to Plaintiff would not proceed. As the prior action established that COP acted lawfully in cancelling the escrow, the belated claim against the LandAmerica defendants is barred by principles of collateral estoppel and res judicata.

Search Services Company was not even mentioned in the body of the complaint. The complaint also erroneously alleged that one or more of the defendants has its principal place of business in San Francisco, CA, which, if true, would destroy diversity. Further, the complaint does not specify the damages sought. Instead, the complaint sought general, special and compensatory damages "in an amount to be proven at trial," as well as interest, costs and "other relief."

After finally receiving Plaintiff's complaint, LandAmerica's counsel reviewed the facts to determine whether the action was subject to removal. (See Declaration of Jonathan A. Eldredge ("Eldredge Decl."), at ¶¶ 3-5.) This included investigating the prior action against COP to determine the amount potentially in controversy and verifying the states of incorporation and principal places of business of each of the defendants, including defendant LandAmerica Corporation, which turned out to be a suspended corporation that actually is unrelated to any of the defendants, and which had no involvement in the matters referenced in Plaintiff's complaint. (See *id.* at ¶¶ 3-4.) Upon concluding its evaluation, LandAmerica promptly removed the case to this Court on August 7, 2007. (See *id.* at ¶ 5.)

Before LandAmerica' removal of this case, former counsel for LandAmerica appeared at a case management conference and orally requested an extension of time to respond to Plaintiff's complaint, which was granted. There were no other proceedings before removal.

### III.    ARGUMENT

In his skeletal motion for remand, Plaintiff makes two arguments. First, he argues – without discussing controlling Ninth Circuit authority – that the removal was untimely.[2] Second, he argues – without citing any authority – that LandAmerica intentionally waived its right to remove by requesting at a case management conference additional time to plead. Neither argument has merit.

---

[2] In LandAmerica's notice of removal, it cited the recent Ninth Circuit decision, *Harris v. Bankers Life and Casualty Co.* (9th Cir. 2005) 425 F.3d 689, which, as discussed *infra*, specifically held that where the grounds for removal are not apparent on the face of the complaint, the time for removal does not begin to run, even where a defendant has knowledge of facts that would support removal. (See LandAmerica's Notice of Removal, at p. 2:16-20.) LandAmerica's counsel sent a letter to Plaintiff's counsel on August 31, 2007 asking him to withdraw the motion to remand in light of *Harris*. Plaintiff ignored that letter. (See Eldredge Decl., at ¶ 6 and Exh. A.)

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

A. **The "four corners" of Plaintiff's complaint do not disclose a basis for removal**

Plaintiff argues that LandAmerica's removal was untimely because it was filed more than 30 days after the complaint was first served on a defendant. Plaintiff's argument ignores controlling Ninth Circuit authority.

In *Harris v. Bankers Life and Casualty Company* (9th Cir. 2005) 425 F.3d 689, 690, the court posed the following question:

> We consider for the first time in this circuit whether the jurisdictional facts supporting removal of an action from state court to federal court must be apparent from the face of the initial pleading or whether the mere spectre of removability triggers a duty of inquiry. Specifically, is removability determined by the face of the initial pleading or by defendant's knowledge, constructive or otherwise, of the requisite jurisdictional facts?

After reviewing the language of 28 U.S.C. § 1446 and other circuit and district courts' analyses, the Ninth Circuit held:

> **We now conclude that notice of removability under § 1446(b) is determined through an examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.** Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order, or other paper' from which it can be ascertained from the fact of the document that removal is proper.

(*Id.* at p. 694 [emphasis added].)

In *Harris*, the plaintiff sued his insurance carrier ("Bankers"), who was diverse from plaintiff, and an employee of Bankers who was alleged to reside in the same state as plaintiff. (*Harris, supra,* 425 F.3d at p. 691.) Plaintiff failed to serve the complaint on the employee and represented to Bankers that he was actively searching for him. (*Id.* at p. 692.) After extensive discovery and three months before trial, Bankers concluded that plaintiff had abandoned his claims against the employee because he failed to serve him, and removed the case to federal court. (*Id.* at pp. 691-92.) Plaintiff subsequently disclosed to Bankers and the court that the employee had been deceased for more than a decade. (*Id.* at p. 692.)

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

At issue in *Harris* was whether Bankers' removal, which was done ten months after the complaint was filed and three months before trial, was timely. (425 F.3d at p. 691-92.) The Ninth Circuit found that it was:

> The face of [plaintiff's] pleading did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated [the employee's] 1972 residency, not his citizenship, and certainly not his citizenship as of the filing of the complaint. Diversity jurisdiction is based on the status of the parties at the outset of the case-here, their state of citizenship in 2003. [Citations.] Thus, the case was not removable on the basis of the initial pleading. [¶] Instead, the case became removable on October 21, 2003, when it became apparent that [plaintiff] had abandoned his claims against [the employee]. At that point, the complete diversity between the remaining parties first became ascertainable. [Citation.] Bankers filed its notice of removal within the thirty day window.

(*Id.* at pp. 695-96.) The Ninth Circuit further rejected plaintiff's argument that Bankers could have discovered the death of the employee more than thirty days before it filed the removal. (See *id.* at p. 696.)

Here, within the "four corners" of Plaintiff's complaint there are not sufficient facts to remove the case to federal court.[3] First, the complaint does not state the citizenship of all of the defendants, including one defendant, LandAmerica Commercial Search Services Company, that is not even mentioned in the body of the complaint. Second, the complaint incorrectly alleges the primary place of business of some of the defendants as San Francisco, CA. Third, the complaint includes a defendant, LandAmerica Corporation, that LandAmerica determined, after an independent investigation, is suspended and unrelated to any of the other defendants or the transaction involved in this case. Finally, the complaint does not allege the amount in controversy. Only after LandAmerica reviewed Plaintiff's complaint in the case against COP was LandAmerica able to determine that the amount in controversy most likely exceeds $75,000. (See Eldredge Decl., at ¶ 4.) Accordingly, LandAmerica was not required to file its notice of removal within 30 days of service of the complaint. (See *Harris, supra,* 425 F.3d at p. 695.)

---

[3] Plaintiff does not contend otherwise in his motion to remand.

Once it was finally served, LandAmerica's counsel researched whether there was a basis for removal. The removal petition was then promptly filed. Plaintiff's assertion that the removal was untimely is contrary to the law in this Circuit.[4]

### B. Defendants did not waive their right to remove

Plaintiff argues without citation that LandAmerica intentionally waived its statutory right to remove this case by appearing at a case management conference in state court to request an extension of time to plead. Plaintiff's argument is once again contrary to controlling authority.

"It is well established that a defendant can make such affirmative use of the processes of a state court as to constitute waiver or estoppel of any right to remove to federal court. . . . As a general rule, only clear and unequivocal waivers will defeat a party's right to remove to federal court. [Citation.]" (*California Republican Party v. Mercier* (C.D. Cal. 1986) 652 F.Supp. 928, 931-32; see also *Carpenter v. Illinois Central Gulf Railroad Co.* (M.D. La. 1981) 524 F.Supp. 249, 251 ["Actions which are preliminary and nonconclusive in character have generally been held not to constitute waiver. An intent to waive the right to remove to federal court and submit to the jurisdiction of state court must be clear and unequivocal and the waiving party's actions must be inconsistent with his right to remove."].)

"An answer filed in state court does not exhibit an intent [to waive the right to removal]. There is no request for affirmative relief, no litigation on the merits, and no prejudice to any of the parties. Such a general appearance alone generally does not amount to a waiver of the right to remove. [Citations.]" (*Carpenter, supra,* 524 F.Supp. at p. 251; see also *California Republican Party, supra,* 652 F.Supp. at p. 932 fn. 3 ["The weight of authority also indicates that filing a responsive pleading does not constitute an acceptance of the state court's jurisdiction, despite the Party's contention to the contrary. [Citations.]"].)

Here, LandAmerica's former counsel appeared at a case management conference and requested an extension to plead. Before the pleading deadline, LandAmerica removed the case

---

[4] Plaintiff cites four district court decisions from other circuits. All pre-date the *Harris* decision. In any event, even were there a conflict among the circuits, this Court is required to follow the Ninth Circuit's holding. (See *Wilson v. Pier 1 Imports (US), Inc.* (E.D. Cal. 2006) 411 F.Supp.2d 1196, 1198.)

1  to this Court. No other appearances were made in the state court, no answer was ever filed and
2  there were no motions requesting affirmative relief. Plaintiff's argument that Defendants
3  manifested a "clear and unequivocal" intent to waive their right to remove simply ignores the
4  controlling authority. As filing an answer is insufficient to constitute an intentional waiver, a
5  request for an extension to file an answer cannot be deemed an intentional waiver.[5]

**IV.  CONCLUSION**

LandAmerica's removal was timely and proper. The motion to remand should be denied.

Dated: September 20, 2007

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
JONATHAN A. ELDREDGE
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA  94596

By _____
Attorneys for Defendants
LandAmerica Financial Group, Inc.,
LandAmerica National Commercial
Services, LandAmerica Lawyers Title
Company, and LandAmerica Commercial
Search Services Company

---

[5]  For example, the Ninth Circuit allowed the defendant in *Harris v. Bankers Life and Casualty Company, supra,* to remove the case 10 months after the complaint was served and after the defendant had answered and engaged in substantial discovery. Indeed, at the time of removal, the trial was scheduled to commence just three months later.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND