1  GLYNN & FINLEY, LLP
   CLEMENT L. GLYNN, Bar No. 57117
2  JONATHAN A. ELDREDGE, Bar No. 238559
   One Walnut Creek Center
3  100 Pringle Avenue, Suite 500
   Walnut Creek, CA 94596
4  Telephone: (925) 210-2800
   Facsimile: (925) 945-1975
5
   Attorneys for Defendants
6  LandAmerica Financial Group, Inc., LandAmerica
   National Commercial Services,
7  LandAmerica Lawyers Title Company, and
   LandAmerica Commercial Search Services Company
8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  MARWAN A. HARARA,                )   Case No. CO7-03999-WHA
                                     )
13           Plaintiff,              )   **DECLARATION OF JONATHAN A.**
                                     )   **ELDREDGE IN SUPPORT OF**
14      vs.                          )   **DEFENDANTS' OPPOSITION TO**
                                     )   **PLAINTIFF'S MOTION TO REMAND**
15  LANDAMERICA FINANCIAL GROUP,     )
    INC., LANDAMERICA CORPORATION,   )   Date:       October 11, 2007
16  LANDAMERICA NATIONAL             )   Time:       8:00 a.m.
    COMMERCIAL SERVICES,             )   Courtroom:  9, 19th Floor
17  LANDAMERICA LAWYERS TITLE        )   Judge:      Hon. William H. Alsup
    COMPANY, AND LANDAMERICA         )
18  COMMERCIAL SEARCH SERVICES       )
    COMPANY and DOES 2 through 100,  )
19  Inclusive,                       )
                                     )
20           Defendants.             )
                                     )
21  _____

22

23       I, Jonathan A. Eldredge, say:

24       1.    I am an attorney licensed to practice in the State of California, and I am a member

25  of the bar of this Court. I am an attorney with Glynn & Finley, LLP, attorneys for Defendants

26  LandAmerica Financial Group, Inc. dba LandAmerica National Commercial Services, Lawyers

27  Title Insurance Corporation, erroneously sued as LandAmerica Lawyers Title Company, and

28  LandAmerica Commercial Search Services Company (collectively "LandAmerica"). I know the

- 1 -
DECLARATION OF JONATHAN A. ELDREDGE

1   following facts of my own personal knowledge and if called upon could and would competently
2   testify thereto.
3       2.    Glynn & Finley, LLP represented Defendant ConocoPhillips Company in the
4   related matter "MARWAN A. HARARA, plaintiff, vs. CONOCOPHILLIPS COMPANY AND
5   DEAN RICHARD MASTERSON, defendants," Case No. C04-0515-BZ, United States District
6   Court, Northern District of California (hereinafter "COP Lawsuit"). As discussed in our motion
7   to dismiss that is scheduled to be heard on the same date as this motion, in that action Plaintiff
8   alleged that COP had wrongfully prevented him from purchasing a service station from COP.
9   That action was disposed of by summary judgment rendered by the Honorable Bernard
10  Zimmerman.
11      3.    In late July 2007, Glynn & Finley, LLP was retained to defend LandAmerica in
12  this action. The allegations of the complaint did not support removal in that the defendants were
13  alleged to be non-diverse, one defendant was not mentioned in the body of the complaint and
14  there was no allegation of the amount in controversy. I researched the states of incorporation
15  and primary places of business for each of the defendants. As a result, I was able to determine
16  that all of the LandAmerica defendants were diverse from the Plaintiff. I also reviewed the
17  California Secretary of State's Business Portal to determine the state of incorporation and
18  primary place of business of defendant LandAmerica Corporation. I learned that LandAmerica
19  Corporation was a suspended corporation that is unrelated to any of the defendants, and therefore
20  had no involvement in the matters referenced in Plaintiff's complaint.
21      4.    In order to determine whether the amount in controversy would support removal,
22  we recalled our files relating to Mr. Harara's earlier suit against COP. I personally reviewed
23  files related to the COP Lawsuit, including the complaint, discovery responses and other filings,
24  and determined that the claimed damages resulting from his inability to purchase the service
25  station allegedly exceeded $75,000.
26      5.    We completed our review at the beginning of August 2007 and LandAmerica
27  filed its notice of removal August 7, 2007.
28  ///

1    6.    On August 31, 2007, I sent a letter to Plaintiff's counsel referring him to *Harris v. Bankers Life and Casualty Co.* (9th Cir. 2005) 425 F.3d 689, and asking that he voluntarily withdraw the motion to remand. We had cited and discussed the *Harris* case in our removal petition, but Plaintiff's motion to remand did not address that case, despite its significance. I hoped by once again drawing *Harris* to his attention that he might agree that the motion to remand lacked merit. A true and correct copy of my August 31, 2007 letter is attached hereto as **Exhibit A**. Plaintiff's counsel did not respond to my letter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 20th day of September, in Walnut Creek, California.

_____
Jonathan A. Eldredge

- 3 -
DECLARATION OF JONATHAN A. ELDREDGE

# EXHIBIT A

**GLYNN & FINLEY, LLP**
ONE WALNUT CREEK CENTER
SUITE 500
100 PRINGLE AVENUE
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE: (925) 210-2800

FACSIMILE: (925) 945-1975

WRITER'S DIRECT DIAL NUMBER
(925) 210-2846
e-mail: jeldredge@glynnfinley.com

August 31, 2007

Harara v. LandAmerica Financial Group,
Inc., et al., Case No. C07-03999 WHA

**VIA FACSIMILE AND U.S. MAIL**

Arlo Hale Smith, Esq.
66 San Fernando Way
San Francisco, CA 94127

Dear Mr. Smith:

We have received Plaintiff's motion to remand this case to the Alameda Superior Court. The motion is based on the assertion that removal was untimely and Defendants waived their right to remove based on their request for an extension of time to file an answer. Our removal petition cited recent Ninth Circuit authority showing that removal was timely. (See *Harris v. Bankers Life and Casualty Co.* (9th Cir. 2005) 425 F.3d 689, 694.) Your motion does not address that controlling authority. Further, the case law is clear that a party does not waive the right to remove to federal court when it files an answer. (See *Carpenter v. Illinois Central Gulf Railroad Co.* (M.D. La. 1981) 524 F.Supp. 249, 251; *California Republican Party v. Mercier* (C.D. Cal. 1986) 652 F.Supp. 928, 932 fn. 3.) Consequently, a request for an extension to file an answer could not be considered an intentional waiver of the right to remove. We prefer not to have proceedings under Rule 11, and therefore ask that you voluntarily withdraw the motion to remand so that our clients are not forced to incur still additional fees needlessly. Please confirm not later than September 7th that you will withdraw the motion to remand.

Very truly yours,

Jonathan A. Eldredge