```
1  GLYNN & FINLEY, LLP
   CLEMENT L. GLYNN, Bar No. 57117
2  JONATHAN A. ELDREDGE, Bar No. 238559
   One Walnut Creek Center
3  100 Pringle Avenue, Suite 500
   Walnut Creek, CA 94596
4  Telephone: (925) 210-2800
   Facsimile: (925) 945-1975
5
   Attorneys for Defendants
6  LandAmerica Financial Group, Inc., LandAmerica
   National Commercial Services,
7  LandAmerica Lawyers Title Company, and
   LandAmerica Commercial Search Services Company
8
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARWAN A. HARARA, | Case No. CO7-03999-WHA |
| Plaintiff, | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| vs. | Date: October 11, 2007 |
| LANDAMERICA FINANCIAL GROUP, INC., LANDAMERICA CORPORATION, LANDAMERICA NATIONAL COMMERCIAL SERVICES, LANDAMERICA LAWYERS TITLE COMPANY, AND LANDAMERICA COMMERCIAL SEARCH SERVICES COMPANY and DOES 2 through 100, Inclusive, | Time: 8:00 a.m. |
| | Courtroom: 9, 19th Floor |
| | Judge: Hon. William H. Alsup |
| Defendants. | |

## I. INTRODUCTION

For more than two years Plaintiff litigated the issue of whether he had a right to purchase his service station ("Station") from ConocoPhillips Company ("COP"). After extensive motion practice involving the pleadings, the parties cross-moved for summary judgment. Magistrate Judge Zimmerman granted COP's motion for summary judgment as to all of Plaintiff's claims. In a carefully reasoned 33-page opinion, Judge Zimmerman ruled that Plaintiff had no right to purchase the Station.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

1  The current suit ignores that prior determination. Here Plaintiff alleges that he would
2  have purchased the Station but for the actions of defendants (collectively "LandAmerica") who
3  acted as the escrow company. He alleges that it was wrongful for LandAmerica to have
4  cancelled the escrow when instructed to do so by COP. In light of Judge Zimmerman's
5  determination that Plaintiff had no right to purchase the Station, LandAmerica's cancellation of
6  the escrow could not be wrongful, nor could it have caused Plaintiff damages. Moreover, this
7  barrier cannot be evaded by amendment, so the motion should be granted without leave to
8  amend.

9  **II.    ARGUMENT**

10  Plaintiff makes three arguments in opposition to LandAmerica's motion to dismiss: first,
11  he argues that his $5,000 security deposit is not addressed by LandAmerica's motion to dismiss;
12  second, the summary judgment order against Plaintiff was not a final judgment; and finally, the
13  issues in Plaintiff's complaint were not at issue in the earlier proceeding against COP. None of
14  these arguments has merit.

15  **A.    Plaintiff is precluded from arguing that his $5,000 deposit was not returned to him**
16

17  Plaintiff argues that LandAmerica improperly retained his $5,000 security deposit and
18  that such purported fact defeats the motion. Judge Zimmerman found to the contrary in his order
19  granting COP's motion for summary judgment: "this is not a case where Conoco can be said to
20  have induced plaintiff to accept a higher offer by misrepresenting that it would reduce the price
21  and then try to hold plaintiff to the higher price. Not only did Conoco not try to force plaintiff to
22  honor his acceptance, **it even returned his security deposit**. (Declaration of Jonathan A.
23  Eldredge ("Eldredge Decl."), Exh. D at p. 17:3-8 [emphasis added].) Plaintiff never contested
24  this finding, nor did he seek correction or reconsideration of the order. Thus, there is no merit to
25  Plaintiff's contention that LandAmerica improperly retained his security deposit, and, as
26  discussed below, Plaintiff is precluded from relitigating issues already determined against him.
27  / / /
28  / / /

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

**B.   The summary judgment order in the First Action is entitled to preclusive effect**

Plaintiff argues that the summary judgment order dismissing his second amended complaint in the First Action is not entitled to preclusive effect because COP and Plaintiff settled *COP's counterclaims against Plaintiff* after Judge Zimmerman summarily adjudicated all of Plaintiff's claims in favor of COP. This argument misperceives the law of collateral estoppel.

### 1.   Procedural Background

On February 6, 2004, Plaintiff filed his complaint against COP in the First Action. (See Plaintiff's Opposition to Motion to Dismiss ("Opp."), Exh. A at No. 1.) In response to two consecutive motions to dismiss, Plaintiff filed a second amended complaint on June 25, 2004. (*Id.*, Exh. A at No. 38.) Portions of the second amended complaint were adjudicated in COP's favor pursuant to COP's third motion to dismiss. (See *id.*, Exh. A at No. 53.) On November 1, 2004, COP filed an answer to Plaintiff's second amended complaint and filed counterclaims for breach of contract and other related causes of action. (See *id.*, Exh. A at No. 58.)

On March 23, 2005, COP and Plaintiff filed cross-motions for summary judgment on Plaintiff's second amended complaint; COP also sought summary adjudication of the counterclaims it had alleged against Plaintiff. (See *id.*, Exh. A at Nos. 94-116.) COP's motion for summary judgment as to Plaintiff's second amended complaint was granted in full with "[j]udgment to be entered in Defendant's favor on the complaint." (See *id.*, Exh. A at No. 146; see also Eldredge Decl., Exh. D.) COP's motion for summary judgment regarding its counterclaims was granted in part with an award of $16,663.83 in its favor, and denied in part with three causes of action set for trial.[1] The Court denied Plaintiff's cross-motion for summary judgment.

The result of these motions was that COP prevailed on all of Plaintiff's affirmative claims and part of its own affirmative claims against Plaintiff. Thus, all that remained for trial

---

[1] The $16,663.83 represented amounts owed for rent and gasoline delivered to Plaintiff's service station in January 2004. The remaining three causes of action related to Plaintiff's failure to reimburse COP for amounts COP was forced to pay the City of Oakland for abatement of drug activities at Plaintiff's service station while he was a COP franchisee.

- 3 -
DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

were COP's affirmative claims for indemnification of $56,868.73 COP had been required to pay the City of Oakland as a result of Plaintiff's failure to secure the Station against drug users and dealers.

On May 12, 2005, COP and Plaintiff participated in a settlement conference in front of Magistrate Judge Chen. (See Opp., Exh. A at No. 159.) COP and Plaintiff settled the remaining issues and, pursuant to that settlement, the action was dismissed with prejudice by Magistrate Judge Zimmerman. (See id., Exh. A at No. 161.)

### 2. Analysis

Even when there has been no final judgment for appellate purposes, the doctrine of collateral estoppel operates to preclude relitigation of issues determined in an earlier adjudication that was "sufficiently firm" to accord conclusive effect. "The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." (Rest.2d Judgments, § 13.)[2] Such issue preclusion is to avoid "needless duplication of effort and expense in the second action to decide the same issue, or, alternatively, postponement of decision of the issue in the second action for a possibly lengthy period of time until the first action has gone to a complete finish." (See id. at comment g.) To determine whether an adjudication is "sufficiently firm to be accorded conclusive effect[,]" a court should consider the following factors, none of which is independently dispositive: (1) the decision was not tentative, (2) the parties were fully heard, (3) the court supported its decision with a reasoned opinion, and (4) the decision was subject to appeal or was in fact reviewed on appeal. (See id; Security People, Inc. v. Medeco Security Locks, Inc. (N.D. Cal. 1999) 59 F.Supp.2d 1040, 1045.)

---

[2] The Restatement (Second) of Judgments has been adopted by the California Supreme Court (see George Arakelian Farms, Inc. v. Agricultural Labor Relations Board (1989) 49 Cal.3d 1279, 1290) and the Ninth Circuit Court of Appeals (see Luben Industries Inc. v. United States (9th Cir. 1983) 707 F.2d 1037, 1040.)

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

In *Security People*, the plaintiff sued the defendant for various claims related to the infringement of its patent. (See *supra,* 59 F.Supp.2d at pp. 1040-41.) The defendant moved for summary judgment on the basis that three of plaintiff's claims were barred by a settlement agreement in a prior litigation between the same parties, and one claim was barred by collateral estoppel based on a partial summary judgment order in the defendant's favor in the prior litigation. (See *id.* at p. 1041.) In the prior litigation, the plaintiff had alleged similar claims involving the infringement of a different, but similar, product and the defendant moved for summary judgment as to the patent infringement claim. (*Id..*) The court granted the defendant's motion for summary judgment as to that one claim in a sixteen page order. (*Id.*) The parties subsequently executed a settlement agreement settling all of plaintiff's remaining claims. (*Id.*)

The court granted the defendant's motion for summary judgment in the second litgation, stating:

> [I]t is clear that the prior order here was sufficiently firm to be considered a final judgment. The language of the order indicates that the decision was not tentative. Also, the record demonstrates that both SPI and Medeco were afforded ample opportunity to be fully heard on the issues. While SPI may disagree with the first court's ruling, the court supported its decision with a reasoned opinion, issuing a 16-page order setting forth its reasons.

(*Security People, Inc., supra,* 59 F.Supp.2d at p. 1045.) The court rejected plaintiff's argument that the prior partial summary judgment order should not be given preclusive effect because it was an interlocutory order and not a final judgment. (*Id.*)

Here, the parties were fully heard in briefs and oral argument, and thereafter Judge Zimmerman issued a reasoned 33 page order on the cross-motions for summary judgment. (Eldredge Decl., Exh. D.) The order was not tentative and it stated "judgment will be entered in defendant's favor on the complaint." (*Id,* Exh. D at p. 33:3-4.) The order included a lengthy analysis of the undisputed facts (*id.*, Exh. D at pp. 1-6) and law (*id.*, Exh. D at pp. 6-33). Plaintiff did not seek review of the order.

The present case is actually stronger than *Security People* because in this case the parties did not settle other claims by Plaintiff—all of them having been summarily adjudicated against Plaintiff—but rather *COP's counterclaims*. Thus, all of Plaintiffs' claims were resolved by the

Court's order; the only claims settled were COP's remaining affirmative claims that had not been summarily adjudicated in its favor. Judge Zimmerman's 33 page summary judgment order was "sufficiently firm" that it is entitled to preclusive effect. A contrary result would needlessly consume further resources of the parties and the Court relitigating issues already determined against Plaintiff.[3]

### C. LandAmerica is entitled to invoke collateral estoppel as a shield even though it was not a party to the First Action

Plaintiff miscasts or at least misperceives LandAmerica's collateral estoppel argument. LandAmerica has not argued that the First Action directly determined LandAmerica's *liability* to Plaintiff. Rather, the First Action determined conclusively that Plaintiff did not have the right to purchase the Station, and that it was not unlawful to cancel the escrow. Here, Plaintiff seeks to show precisely the opposite: that he did have a right to purchase the station and could have done so, but for the fact that LandAmerica carried out COP's instruction to cancel the escrow. If cancellation of the escrow was determined to have been lawful in the First Action, Plaintiff may not seek a contrary determination in this action.

Moreover even if there were some theoretical way to prove that LandAmerica violated some duty owed to Plaintiff, Plaintiff would still be collaterally estopped from seeking to prove damages predicated on the notion that he had a right to purchase the Station. All of Plaintiff's claimed damages – loss of goodwill, loss of investment in the Station, loss of business, loss of

///

---

[3] Plaintiff's authorities do not lead to a contrary result. First, *Vandenberg v. Sup.Ct.* (1999) 21 Cal.4th 815 relates to specific rules regarding arbitration decisions. The First Action involved a judicial determination and therefore rules specifically related to arbitration decisions have no bearing here. Second, *Grable v. Citizens Nat. Trust and Sav. Bank* (1958) 164 Cal.App.2d 710 and *Grable v. Grable* (1960) 180 Cal.App.2d 353, both of which pre-date the Restatement (Second) of Judgments, relate to res judicata, not collateral estoppel. LandAmerica has asserted collateral estoppel (i.e., issue preclusion), not res judicata which is subject to stricter "finality" rules than collateral estoppel. (See Rest.2d Judgments, § 13, comment g.) Thus, cases relating to res judicata from the 1950s/60s are irrelevant to the present analysis. Lastly, Plaintiff's unsupported argument that "[a] final order is an order from an appeal lies [sic]" (Opp. at 10:12), is contrary to the law. In *Security People, supra,* the plaintiff argued that the order was not sufficient for collateral estoppel because it was merely interlocutory, and the court properly rejected the argument. (See 59 F.Supp.2d at p. 1045.)

improvements in the Station, loss of merchandise, loss of equipment and loss of the benefit of the proceeds from the sale of the business and Station (see Eldredge Decl., Exh. A at ¶ 36) – are predicated on the notion that had LandAmerica performed its obligations, Plaintiff would have been able to purchase the Station. But the First Action determined that Plaintiff had no right to purchase. Judge Zimmerman determined that Plaintiff did not have a right to purchase the station because (1) COP lawfully cancelled escrow when Plaintiff could not personally finance the purchase, (2) COP lawfully refused to consent to Plaintiff's assignment of the right to purchase to a third party, and (3) COP lawfully sold the Station to a different third party after Plaintiff failed to obtain the financing needed to close the purchase. Thus, the First Action determined that COP had a right not to proceed with the sale. COP was entitled to terminate the escrow, and LandAmerica's alleged compliance with COP's directive to do just that is not actionable. Plaintiff's claimed right to purchase was determined conclusively against him in the First Action, and his current claims—which posit that he had a right to purchase—cannot survive collateral estoppel analysis.

That LandAmerica was not a party to the First Action, that different contracts were involved (see Opp. at p. 5:21-23), or that the present action is related to acts of LandAmerica (see *id.* at p. 10:22-30) is immaterial. What matters is that Plaintiff's claimed right to purchase was determined against him in the First Action, and thus he is barred from relitigating the same issues in this case. Indeed, in *Campbell v. Scripps Bank*, supra, such "distinctions" were found to make no difference. There: (1) Scripps Bank was not a party to the first action; (2) the first action didn't involve a contract, and the second involved escrow instructions; and (3) the first action involved the priorities of deeds of trust, whereas the second involved the escrow company's actions. (See *supra,* 78 Cal.App.4th at pp. 1331-32.) The important conclusion in the *Scripps* case was that the litigation of the first action determined an issue (i.e., that the subordination agreement didn't apply to the first deed of trust) that necessarily precluded damages in the second action. (See *id.* at p. 1334.)

Plaintiff seeks to distinguish *Campbell v. Scripps Bank* because supposedly in that case "[a] judgment in related litigation conclusively resolved the same identical issue of defendant's

- 7 -
DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

alleged breach of contract, therefore, collaterally estopping plaintiff from raising the same issue again." (Opp. at p. 6:27-33; see also *id.* at p. 7:18-20 ["the same assertion of contractual breach based on the same act was asserted against multiple parties."].) Plaintiff's argument – and reading of *Campbell* – is erroneous. The plaintiff in *Campbell* first "sued Sachs for *declaratory and injunctive relief* to stop the foreclosure and to determine the priority between the two concurrently recorded purchase money deeds of trust." (*Supra,* 78 Cal.App.4th at p. 1332 [emphasis added].) He lost this lawsuit and then sued the escrow company, Scripps Bank, "for negligence and declaratory relief, alleging it had negligently caused the escrow to close with the loan terms not complying with the terms of the subordination agreement." (*Ibid.*) He lost the second lawsuit on summary judgment because the court's determination in the first case conclusively determined an issue against plaintiff that precluded *damages* in the second lawsuit. (*Id.* at p. 1334.) The escrow company's alleged breaches of contract were not at issue in the first case, contrary to the position advanced in Plaintiff's opposition.

Here, the decision in the First Action that Plaintiff had no right to purchase the Station precludes Plaintiff's claims in this action because they are predicated on the notion that Plaintiff had a right to purchase the Station, and would have done so but for LandAmerica's conduct. Plaintiff's complaint therefore fails to state a claim on which relief may be granted.

### III. CONCLUSION

Plaintiff's complaint is barred by the doctrine of collateral estoppel. The defect cannot be cured by amendment. We respectfully request that the motion be granted without leave to amend.

Dated: September 27, 2007

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
JONATHAN A. ELDREDGE

By /s/
Attorneys for Defendants LandAmerica Financial Group, Inc., LandAmerica National Commercial Services, LandAmerica Lawyers Title Company, and LandAmerica Commercial Search Services Company

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS