ARLO H. SMITH #96971
66 San Fernando Way
San Francisco, CA 94127
(415) 681-9572

Attorney for Plaintiff Marwan Harara

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marwan A. Harara, | No. C 07-03999 WHA |
| Plaintiff, | **REPLY TO OPPOSITION TO MOTION TO REMAND** |
| v. | Hearing: October 11, 2007 |
| LandAmerica Financial Group, Inc. et al | 8:00 AM |
| | Courtroom 9 |
| Defendant(s). | |
| _____/ | |

Defendants defend against the motion to remand by claiming they "didn't know" the case was removable for two months.

This argument is patently unmeritorious in the facts of this case since all facts that defendant supposedly "didn't know" were actually or presumptively KNOWN to defendants as of the time of service. Clearly facts within a defendant's PRESUMPTIVE knowledge must be attributed to said defendant, unless the defendant shows otherwise. Presumptive knowledge exists concerning facts which, buy their nature, would naturally be within a defendants' knowledge. For example, whether a named individual was within the employ of a given defendant would be a fact presumptively known by defendant. See *Bence vs. Teddy's Taxi* (1931) 112 Cal.App. 636, 643. See also *Goldwater vs, Oltman* (1930) 210 Cal. 408 (whether defendant maker of a note delivered it presumptively known to defendant; *Boscus vs. Bohlig* (1916) 173 Cal. 687, 689 (whether mechanic's lien claimant performed work on defendant's property

1

presumptively known to defendant). The doctrine of presumptive knowledge exists to

prevent defendants from denying facts they know, and hiding behind counsel lack of

personal knowledge of such matters.

    Here, all facts necessary to show removability either appeared on the face of

The pleadings or were within defendant's presumptive knowledge:

    **1. Plaintiff's residence**

The Complaint herein states that:

> At all times mentioned herein, plaintiff MARWAN A. HARARA ("Harara") is an individual residing at 3220 Contreras Place, Hayward, California

Complaint, Paragraph 1.

    **2. Defendants' Residence**

    The Complaint alleges that all defendants are "operating divisions and

subsidiaries in California" of a **Virginia** Corporation. Complaint, paragraph 2.

    This allegation would establish diversity.

    However, in any event, defendants must be held to have presumptive knowledge

of their OWN citizenship for diversity purposes.

    **3. Amount in Controversy**

    LandAmerica Financial Group must presumptively have had knowledge of the

amount of controversy being in excess of $75,000 even in 2004, since LandAmerica

obtained an indemnity agreement from Conoco Phillips at that time. Said indemnity

referenced an earlier action by Harara. The complaint in said earlier action on its face

had claims for over $75,000. Indeed, defendants have offered the Complaint in said

earlier actions as Exhibits B-1 and B-2 to the motion to dismiss. If the court reviews

said pleading, particularly paragraph 101, it will see that plaintiff explicitly asked from more than $75,000 therein. Having requested an obtained an indemnity against claims by Harara in a document which cited the case number and title of the earlier case, defendant LandAmerica Financial Group must be held to have had presumptive knowledge – even in 2004 – that Harara's claims equal or exceed $75,000.

**CONCLUSION**

The removal was untimely and the case must be remanded.

Dated: 9/27/07          Signature_____/S/_____
                              ARLO HALE SMITH
                              Counsel for Plaintiff Marwan Harara

3