1  GLYNN & FINLEY, LLP
   CLEMENT L. GLYNN, Bar No. 57117
2  JONATHAN A. ELDREDGE, Bar No. 238559
   One Walnut Creek Center
3  100 Pringle Avenue, Suite 500
   Walnut Creek, CA 94596
4  Telephone: (925) 210-2800
   Facsimile: (925) 945-1975
5
   Attorneys for Defendants
6  LandAmerica Financial Group, Inc., LandAmerica
   National Commercial Services,
7  LandAmerica Lawyers Title Company, and
   LandAmerica Commercial Search Services Company
8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  MARWAN A. HARARA,                    )   **Case No. CO7-03999-WHA**
                                         )
13             Plaintiff,                )   **JOINT CASE MANAGEMENT**
                                         )   **CONFERENCE STATEMENT**
14      vs.                              )
                                         )   Date:        **October 11, 2007**
15  LANDAMERICA FINANCIAL GROUP,         )   Time:        **8:00 a.m.**
    INC., LANDAMERICA CORPORATION,       )   Courtroom:   **9, 19th Floor**
16  LANDAMERICA NATIONAL                 )   Judge:       **Hon. William H. Alsup**
    COMMERCIAL SERVICES,                 )
17  LANDAMERICA LAWYERS TITLE            )
    COMPANY, AND LANDAMERICA             )
18  COMMERCIAL SEARCH SERVICES           )
    COMPANY and DOES 2 through 100,      )
19  Inclusive,                           )
                                         )
20             Defendants.               )
                                         )
21  _____ )

22      The parties to the above-captioned matter submit the following joint case management

23  statement.

24  **I.    SUBJECT-MATTER JURISDICTION**

25      This Court has original jurisdiction over this matter under 28 U.S.C. § 1332.  The case

26  was removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441.

27  / / /

28  / / /

1   **II.       CLAIMS AND DEFENSES**

2   **A.       PLAINTIFF'S CLAIMS**

3       Plaintiff has sued Defendants LandAmerica Financial Group, Inc. and dba LandAmerica

4   National Commercial Services, Lawyers Title Insurance Corporation, erroneously sued as

5   LandAmerica Lawyers Title Company, and LandAmerica Commercial Search Services

6   Company (collectively "LandAmerica") and LandAmerica Corporation alleging negligence,

7   breach of contract, breach of contractual covenant of good faith and fair dealing, unjust

8   enrichment, breach of fiduciary duty, conspiracy and unfair business practices (California

9   Business and Professions Code section 17200 et seq.).

10      Specifically, Plaintiff alleges the following facts:

11      On or about June 6, 2003, Plaintiff, as the buyer, entered into a written contract to

12  purchase a gasoline service station located at 4280 Foothill Blvd., Oakland, CA 94601

13  ("Station"), from Tosco Operating Company, Inc.  Tosco agreed to sell the real property and

14  improvements to Plaintiff for $1,120,000.  On about June 16, 2003, escrow was opened.

15  LandAmerica was the escrow agent.  Plaintiff deposited $5,000 into the escrow.

16      LandAmerica thereinafter breached its contractual and tort duties to Plaintiff by (1)

17  cancelling the escrow without his approval; (2) opening a new escrow with the seller (Tosco)

18  and a third party; (3) holding Plaintiff's escrow deposit and refusing to return it despite

19  Plaintiff's request; (4) failing to perform its services as an agent for all parties; (5) failing to

20  perform the express escrow instructions; (6) failing to investigate the facts and determine

21  Plaintiff's instructions before cancelling escrow; (7) accepting the seller's sole instructions to

22  cancel in furtherance of its own self-dealing; and (8) failing to perform in good faith its duties

23  under the escrow instructions.

24      Plaintiff has been damaged because: (1) he was not able to close the escrow and purchase

25  the Station; (2) he lost the benefit of the bargain that was negotiated with the seller; (3) he lost

26  his escrow deposit; and (4) he sustained losses for his inability to hold the property in trust with

27  LandAmerica as the escrow holder until the full performance by all parties of all escrow

28  instructions and terms of the sale contract.  Plaintiff's claimed damages include loss of goodwill,

1  loss of investment in the Station, loss of business, loss of improvements to the Station, loss of

2  merchandise, loss of equipment and loss of the benefit of the proceeds from the sale of the

3  business and Station.

4      **B.     LANDAMERICA'S DEFENSES**

5      LandAmerica disputes Plaintiff's allegations, and specifically denies that it breached any

6  duty owed to Plaintiff.  Plaintiff was unable to perform under the sales contract as he could not

7  obtain the necessary financing and Tosco lawfully refused to allow him to assign the sales

8  contract to a third party.  When Plaintiff failed to timely perform under the sales contract the

9  seller requested that escrow be closed and LandAmerica rightfully closed escrow pursuant to the

10 seller's request and the escrow instructions.

11     As discussed in LandAmerica's motion to dismiss Plaintiff's complaint, Plaintiff has

12 already litigated the issue of his alleged right to purchase the Station against ConocoPhillips

13 Company ("COP") – Tosco's successor by merger.  Magistrate Judge Bernard Zimmerman

14 granted COP's motion for summary judgment on April 29, 2005, finding that (1) COP lawfully

15 cancelled escrow because Plaintiff could not fund the purchase of the Station; (2) COP lawfully

16 refused to consent to Plaintiff's assignment of his purchase right to a third party; and (3) COP

17 lawfully sold the Station to a different third party after Plaintiff failed to acquire the necessary

18 financing to close the purchase.  LandAmerica contends that Plaintiff may not, in the current

19 suit, proceed on claims premised on the notion that he had a right to purchase the Station and

20 would have done so but for LandAmerica's cancellation of the purchase escrow as that premise

21 is directly contrary to the District Court's judgment against him.

22 **III.   LEGAL ISSUES**

23     LandAmerica contends that Plaintiff's claims are barred by collateral estoppel, as

24 discussed in its motion to dismiss.

25 **IV.   MOTIONS**

26     LandAmerica's motion to dismiss Plaintiff's complaint based on collateral estoppel and

27 Plaintiff's motion to remand this matter to state court based on allegedly untimely removal are

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1   set for hearing the same date as the case management conference.  Plaintiff's complaint raises

2   issues under Rule 11.  No Rule 11 motion has been filed at this juncture.

3   **V.    AMENDMENT OF PLEADINGS**

4       Defendant LandAmerica has not answered Plaintiff's complaint and does not anticipate

5   asserting any counterclaims against Plaintiff.

6   **VI.    EVIDENCE PRESERVATION**

7       The parties have taken appropriate steps to ensure that all relevant evidence is preserved

8   for discovery and trial, should such proceedings by required.

9   **VII.    DISCLOSURES**

10      The parties have not made initial disclosures pursuant to FRCP, Rule 26(f) and, if the

11  case is not dismissed, request that a deadline for initial disclosures be set by the Court, as

12  outlined in Section VIII.

13  **VIII.    DISCOVERY**

14      No discovery has been taken to date.  If the case is not ordered dismissed, the parties

15  propose discovery according to the FRCP (25 interrogatories, including subparts; unlimited

16  requests for production and requests for admission) and up to ten depositions per side, subject to

17  further stipulation or showing of good cause if, based on discovery conducted within these

18  limits, the parties reasonably believe additional discovery is necessary.

19      The parties propose the following schedule if LandAmerica's motion to dismiss is

20  denied:

21      LandAmerica's answer:  20 days after service of the Court's decision on LandAmerica's

22  motion to dismiss Plaintiff's complaint.

23      Initial disclosures pursuant to FRCP, Rule 26:  45 days after LandAmerica's answer to

24  the complaint.

25      Non-expert discovery cutoff and designation of expert testimony and disclosure of full

26  expert reports under FRCP, Rule 26(a)(2) as to any issue on which a party has the burden of

27  proof:  120 days after initial disclosures.

28  ///

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    Responsive expert testimony and reports:  fourteen days after the close of non-expert

2  discovery.

3    Reply expert reports:  14 days after the responsive expert testimony and reports.

4    Expert discovery cutoff:  21 days after the reply expert reports.

5  **IX.    CLASS ACTIONS**

6    Not applicable.

7  **X.    RELATED CASES**

8    No related cases or proceedings are currently pending before this Court or another court

9  or administrative body.  This case is related to a concluded case, "MARWAN A. HARARA,

10  plaintiff, vs. CONOCOPHILLIPS COMPANY AND DEAN RICHARD MASTERSON,

11  defendants," Case No. C04-0515-BZ, filed February 2004, which was heard by Magistrate Judge

12  Bernard A. Zimmerman in the United States District Court, Northern District of California.  That

13  case was resolved by summary adjudication of the plaintiff's claims in April 2005 and settlement

14  of the defendants' counterclaims in July 2006.

15  **XI.    RELIEF SOUGHT**

16    Plaintiff seeks the following unspecified damages:  general, special, compensatory and

17  punitive damages, as well as interest and costs.

18  **XII.    SETTLEMENT AND ADR**

19    The parties have not met and conferred regarding ADR in light of the pending motions.

20  The parties have provided copies of the ADR Dispute Resolution Procedures to, and discussed

21  the Court's ADR practices with, their clients.  Plaintiff is amenable to and suggests mediation.

22  **XIII.    MAGISTRATE JUDGE**

23    The matter was originally assigned to Magistrate Judge Bernard Zimmerman.  Plaintiff

24  objected to that assignment.

25  **XIV.    OTHER REFERENCES**

26    The parties do not believe a reference is appropriate.

27  / / /

28  / / /

- 5 -

1  **XV.  NARROWING OF ISSUES**

2       LandAmerica has no suggestions for narrowing of issues except as set forth in its motion

3  to dismiss.

4  **XVI.  EXPEDITED SCHEDULE**

5       LandAmerica requests an expedited schedule.  Plaintiff does not request an expedited

6  schedule.

7  **XVII.  SCHEDULING**

8       The proposed discovery plan is discussed in No. 8.  In addition, the parties propose the

9  following date:

10       The last date to file dispositive motions:  45 days after the close of non-expert discovery.

11  **XVIII. PROPOSED TRIAL DATE**

12       The parties propose a trial date in August or September 2008, and request that the pretrial

13  dates be determined according to the Court's preferred intervals based upon the trial date.

14  Plaintiff and LandAmerica timely demanded a jury trial.

15  **XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

16       The parties have complied with Civil Local Rule 3-16.

17       Respectfully submitted,

18  Dated: October 3, 2007          ARLO H. SMITH

19                    By: _/S/_____

20                        Arlo H. Smith

21                    Attorneys for Plaintiff

22  Dated: October 3, 2007          GLYNN & FINLEY, LLP

23

24                    By: _/S/_____

                      CLEMENT L. GLYNN

25                    Attorneys for LandAmerica

26

27

28