IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARWAN A. HARARA,<br><br>    Plaintiff,<br><br>  v.<br><br>LANDAMERICA FINANCIAL GROUP INC.; LANDAMERICA CORPORATION; LANDAMERICA NATIONAL COMMERCIAL SERVICES; LANDAMERICA LAWYERS TITLE COMPANY; and LANDAMERICA COMMERCIAL SEARCH SERVICES COMPANY;<br><br>    Defendants.<br> | No. C 07-03999 WHA<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO REMAND; (2) GRANTING DEFENDANTS' MOTION TO DISMISS; AND (3) VACATING HEARING** |

**INTRODUCTION**

In this action for negligence, breach of contract, and other claims, plaintiff moves to remand this action back to state court, and defendants move to dismiss the action. Defendants have shown that removal was timely because the grounds for removal were not apparent within the four corners of the complaint. Defendants have also shown that the issue of whether plaintiff had a right to purchase the property at stake here was already litigated in a prior action. Plaintiff is precluded from litigating that issue again, and each of plaintiff's extant claims against defendants hinge on that issue. Accordingly, plaintiff's motion to remand is **DENIED**. Defendants' motion to dismiss is **GRANTED**. Plaintiff will not be granted

leave to amend because doing so would be futile. Seeing that no further argument is necessary on this motion, the hearing is hereby **VACATED**.

**STATEMENT**

This action stems from plaintiff Marwan A. Harara's attempts to purchase a gas station located at 4280 Foothill Boulevard in Oakland from Tosco Operating Company (Compl. ¶¶ 6–7). Harara alleges that he entered into a written contract with Tosco for the sale of the property and attached improvements on June 6, 2003 (*id*. at ¶ 7). He then opened an escrow account for conveyance of the station, designating LandAmerica as the escrow agent (*id*. at ¶ 8). Harara paid an escrow desposit of $5,000 which he delivered to LandAmerica (*ibid*.). Ultimately, the sale did not go through because Harara was unable to obtain adequate financing.

On February 6, 2004, plaintiff sued the franchisor of the gas station, ConocoPhillips Company, for a number of claims related to his attempted purchase. *Harara v. ConocoPhillips Company, et al.*, Case No. C 04-00515 BZ. In that action, Harara alleged that he had a franchise agreement with Tosco Marketing Company, a predecessor in interest to ConocoPhillips (Eldredge Decl. Exh. B, ¶ 19). On April 22, 2003, ConocoPhillips sent Harara a notice of non-renewal of the franchise agreement and offered to sell the station to him, with a deadline for acceptance of June 9, 2003 (*id*. at ¶ 39). Plaintiff accepted the offer and entered into an escrow with ConocoPhillips (*id*. at ¶ 44).

On or about December 17, 2003, Harara accepted an offer to sell the station to a third party (*id*. at ¶ 48). Plaintiff asked ConocoPhillips for consent to assign the right to purchase the station, but it refused (*id*. at ¶¶ 51, 53, 54). ConocoPhillips cancelled escrow and informed Harara (*id*. at ¶ 55). Harara instructed LandAmerica to keep the escrow account open, but LandAmerica refused per ConocoPhillips' instructions (*id*. at ¶ 56). Because of this, Harara could not close escrow, and ConocoPhillips sold the property to a different third party (*id*. at ¶ 60).

In his complaint against ConocoPhillips, Harara alleged that he had been defrauded in connection with the proposed sale, and that ConocoPhillips had violated the Petroleum

2

1  Marketing Practices Act in several ways by failing to give him the right of first refusal and
2  selling the station to a third party for a lower price than what was originally offered to Harara
3  (*id*. at ¶¶ 67, 71–72). Harara also requested that the Court compel ConocoPhillips to sell the
4  station to him (*id*. at Prayer for Relief, ¶¶ 3–4).

5  Judge Zimmerman granted ConocoPhillips' motion for partial summary judgment in a
6  lengthy order dated April 29, 2005. *Harara v. ConocoPhillips Co.*, 377 F. Supp. 2d 779
7  (N.D. Cal. 2005). The decision found that ConocoPhillips decided not to renew its franchise
8  agreement with Harara in good faith. *Id*. at 786. Judge Zimmerman held that the facts
9  showed that Harara could not close escrow not "because of anything defendant said or did, but
10 because he could not obtain the necessary funding." *Id*. at 796. All of Harara's claims were
11 dismissed, and judgment was entered for ConocoPhillips in that action. ConocoPhillips had
12 filed counterclaims against Harara for failing to reimburse it for certain costs. Those claims
13 eventually settled.

14              *          *          *

15 In this action, Harara alleges that LandAmerica cancelled the escrow account in
16 contravention of his instructions (*id*. at ¶ 10). LandAmerica then opened up another escrow
17 account so that a third party could purchase the property from ConocoPhillips. Harara claims
18 that he was damaged by LandAmerica's cancelling the escrow account because he was unable
19 to purchase the gas station (*id*. at ¶ 17). As to the $5,000 deposit, he asserts that it was never
20 returned to him (*id*. at ¶ 22). His other alleged damages include loss of goodwill, loss of his
21 investment in the gas station, loss of merchandise, loss of equipment, and the loss of the
22 benefit of the proceeds from the sale of the business (*id*. at ¶ 36).

23 Harara filed this complaint in Alameda County Superior Court on December 6, 2006.
24 None of defendants were served until May 30, 2007. The complaint alleged claims for
25 negligence, breach of contract, breach of contractual covenant of good faith and fair dealing,
26 unjust enrichment, breach of fiduciary duty, conspiracy, and unfair business practices in
27 violation of California Business and Professions Code § 17200. The complaint does not
28 allege the states of incorporation or principal places of business for all defendants. It alleges

**United States District Court**
For the Northern District of California

3

that one defendant's principal place of business is located in San Francisco (*See* Eldredge Decl. Exh. A ¶ 2). The complaint does not specify an amount for plaintiff's damages, nor does it allege that his damages exceed $75,000.

Defendants appeared at a case management conference in Alameda County Superior Court on June 29, 2007. At that conference, defendants orally requested an extension of time to respond to the complaint, and the request was granted. Defendants filed a notice of removal on August 3, 2007. Defendants then filed their motion to dismiss on August 8, 2007. Plaintiff filed the motion to remand on August 30, 2007.

**ANALYSIS**

**1.    PLAINTIFF'S MOTION TO REMAND.**

Plaintiff moves to remand, arguing that defendants did not timely file a notice of removal. Removal based on diversity jurisdiction under 28 U.S.C. 1441(b) is permitted if a federal court would have original jurisdiction under 28 U.S.C. 1332. Diversity jurisdiction requires that all parties must be citizens of different states and that the amount in controversy must exceed $75,000. 28 U.S.C. 1332. In addition, 28 U.S.C. 1441(b) requires that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Diversity jurisdiction, as a basis for removal, must exist both at the time the complaint is filed and when removal is effected. *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002).

To properly file a notice of removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. 1446(b). Defendants concede that they did not file their notice of removal within thirty days of being served with the complaint. Instead, they argue that the facts to support the notice of removal were not found within the four corners of the complaint. Defendants had to conduct a further investigation in order to discover that the action was, in fact, removable.

4

1  In the Ninth Circuit, "notice of removability under § 1446(b) is determined through an
2  examination of the four corners of the applicable pleadings, not through subjective knowledge
3  or a duty to make further inquiry." *Harris v. Bankers Life and Casualty Company*, 425 F.3d
4  689, 694 (9th Cir. 2005). Moreover, when a defendant receives an initial pleading, "[i]f no
5  ground for removal is evident in that pleading, the case is 'not removable' at that stage." *Ibid*.
6  Thus, the thirty-day removal clock relies on the facts actually pleaded in the complaint, not
7  any separate or independent inquiry a defendant needs to perform on receipt of a pleading.

8  According to defendants, plaintiff's complaint did not plead sufficient facts to put it on
9  notice that this action could be removable for diversity jurisdiction. First, plaintiff did not
10  properly allege the residency of defendants. In his complaint, plaintiff alleged that
11  "Defendants LandAmerica Financial Group, Inc., LandAmerica Corporation, LandAmerica
12  National Commercial Services, LandAmerica Lawyers Title Company ("LandAmerica") were
13  formed, and now are, as a parent Virginia corporation have operation divisions and
14  subsidiaries in California and having its principal place of business [in San Francisco]"
15  (Compl. ¶ 2). Here, this allegation arguably alleges the citizenship of the parent corporation,
16  but not each of the subsidiaries. It also does not allege the citizenship of defendant
17  LandAmerica Commercial Search Services Company at all. After investigation, defendants
18  confirmed that LandAmerica's principal place of business is in Virginia, not California as
19  plaintiff alleged (Not. of Removal ¶ 4). Defendants also found that the entity LandAmerica
20  Corporation is unknown to them and is a suspended corporation originally formed in
21  California. In response, plaintiff protests that he did correctly allege that LandAmerica was a
22  Virginia corporation. This ignores that plaintiff incorrectly pleaded that at least some
23  divisions or subsidiaries of LandAmerica had their principal places of business in California.
24  Accordingly, the facts that made this action removable were not apparent on the face of the
25  complaint, so defendants did not untimely file their notice of removal.

26  Second, defendants contend that plaintiff did not plead damages to satisfy the amount-
27  in-controversy requirement of $75,000. Plaintiff did not plead a specific amount of damages
28  in the complaint, nor did he allege that his damages exceeded $75,000. Defendants' counsel

5

declared that he was not aware if plaintiff's alleged damages would exceed the jurisdictional amount until he looked at the complaint in the prior action against ConocoPhillips (Eldredge Decl. ¶ 4). Plaintiff responds by noting that there was an indemnification agreement between ConocoPhillips and LandAmerica from the first action. According to plaintiff, the agreement should have put defendants on notice of the amount of damages at issue. Any indemnification agreement between ConocoPhillips and LandAmerica is well outside the four corners of this complaint. Moreover, this argument assumes that the amounts of damages for the two actions are the same, which may or may not be true.

Finally, Harara argues that defendants waived their right to remove by asking for additional time to respond to the complaint at the case management conference held in Alameda County Superior Court. Answering a complaint in state court does not constitute waiver of removal. *See Harris*, 425 F.3d at 694 (allowing defendants to remove action several years after it commenced upon finding of new facts supporting removal). If an action is still removable after an answer is filed, logic dictates that merely asking for an extension of time to answer could not be considered a waiver of removal. Accordingly, plaintiff's motion to remand is **DENIED**.

### 2. DEFENDANTS' MOTION TO DISMISS.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ____, 127 S.Ct. 1955, 1964–65 (May 21, 2007). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

Defendants contend that all of plaintiff's claims are barred by collateral estoppel from the prior action between Harara and ConocoPhillips. In a diversity action, the law of the

6

forum state controls as to collateral estoppel. *Pardo v. Olson & Sons, Inc.*, 40 F.3d 1063, 1066 (9th Cir. 1994). Five requirements must be met for collateral estoppel to apply under California law. First, the issue sought to be precluded must be identical to an issue decided in the former proceeding. Second, the issued must have been actually litigated. Third, it must have been necessarily decided in the first proceeding. Fourth, the prior decision must have been final and on the merits. Finally, the party against whom preclusion is sought must be the same or in privity with a party to the former proceeding. *Gikas v. Zolin*, 6 Cal. 4th 841, 849 (1993). The final requirement is satisfied because Harara was a party to the former action.

As to the first requirement, defendants argue that the issues of whether Harara had a right to purchase the gas station and whether his $5,000 security deposit was returned to him have already been decided. In the prior action, Judge Zimmerman granted partial summary judgment holding that Harara did not have a right to purchase the gas station, and that ConocoPhillips had a right to cancel the escrow. The same issues are at stake here. Each of plaintiff's claims hinges on a theory that LandAmerica should not have cancelled the escrow account per ConocoPhillips' orders. Harara repackages his claims by arguing that LandAmerica was engaged in self-dealing, or that they breached a fiduciary duty, or that they breached a contract, but each claim relies on whether or not it was proper to cancel the escrow. In turn, that depends on whether Harara had a right to purchase the gas station. The prior action found that Harara had no such right, so cancelling escrow was proper. Plaintiff claims that defendants' motion does not address the question of his $5,000 security deposit. The order in the prior case, however, found that it had, in fact, been returned to him. *Harara*, 377 F. Supp. 2d at 789. Accordingly, the same issue was reached in the prior action.

The second and third prongs require that the issue must have been actually litigated and necessarily decided in the prior action. Before the decision in the prior action, both parties filed cross-motions for summary judgment and presented evidence on the question of whether Harara had any right to purchase the station. It was also necessarily decided in that action, because a number of Harara's claims, including fraud and breach of contract, stemmed from his asserted right to purchase the station.

As to the fourth element, plaintiff argues that there was no final judgment on these issues because the action later went to trial. In the summary-judgment order in the prior action, defendants prevailed on all of plaintiff's claims. The only claims left for trial were three counterclaims by ConocoPhillips related to plaintiff's failure to reimburse it for amounts it paid to the City of Oakland for drug-abatement efforts. Plaintiff's claims against ConocoPhillips were finally decided on the merits. The remaining indemnification claims settled, and the entire action was dismissed with prejudice. The entire action was not decided on the merits, but plaintiff's claims regarding his purported right to purchase the gas station were decided on the merits. Accordingly, plaintiff is collaterally estopped from asserting his claims against defendants. Defendants' motion is **GRANTED**, and these claims are **DISMISSED**. Plaintiff's request for leave to amend is denied as futile. Any claims he could assert based on LandAmerica's cancelling the escrow against his wishes are barred by collateral estoppel from the prior action.

**CONCLUSION**

For all of the above-stated reasons, plaintiff's motion to remand is **DENIED**. Defendants' motion to dismiss is **GRANTED**. Granting plaintiff leave to amend would be futile, so this action is **DISMISSED**. Judgment shall be entered for defendants. No further argument is necessary on this matter, thus the hearing is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 9, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE